UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SACRED FEATHER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 07-18-B |
| | ) |
| JEFFREY MERRILL, et al., | ) |
| | ) |
| Defendants. | ) |

**Recommended Decision on Motion for Summary Judgment on Unexhausted Claims
(Docket No. 24)**

The plaintiffs in this action are prisoners at the Maine State Prison seeking declaratory judgment, injunctive relief, and compensatory damages because they assert that they were not provided reasonable accommodations as Native American inmates to practice their religion. They are referred to in the Second Amended complaint by the collective name "Sacred Feather."[1] The plaintiffs – Michael Thompson, Cody Choneska, Jeremy Stevens, Albert Stanley, Albert Hanois, Gary Tanguay, Kenneth Larkin, Jacob Lovejoy, James Trott and Richard Burdick -- frame their claims as arising out of their First and Fourteenth Amendment rights under the United States Constitution.[2] They also assert an infringement of their rights under the Protection of Religious Exercise in Land Use and By Institutionalized Persons Act.

In this motion for summary judgment all the defendants seek dismissal of certain claims on the grounds that the claims were not exhausted as required by 42 U.S.C. § 1997e(a) which

---

[1] The motion regarding the second amended complaint explained that Sacred Feather is not a formal registered association and should not have been listed as a plaintiff. Thus, that party was terminated on August 2, 2007, with the granting of the motion to amend, although Sacred Feather has remained the lead plaintiff apropos the header.

[2] (See Sec. Am, Compl. at 1.)

provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The defendants respond by arguing that § 1997e(a) does not apply to this suit because this is not a suit about "prison conditions," but one brought under the First Amendment's free exercise of religion clause and the Fourteenth Amendment's equal protection clause. I reject this legal argument and recommend that the Court grant the motion.

## *Discussion*

### *Material Facts*[3]

The Maine Department of Corrections has a policy for handling prisoner grievances that has been in effect since January 13, 2003. (SMF ¶ 1; Resp. SMF ¶ 1.) Prior to that date, there was also a policy for handling prisoner grievances, in effect since 1986. (SMF ¶ 2; Resp. SMF ¶ 2.) Both policies provide for a formal grievance process that has three levels of review. (SMF ¶ 3; Resp. SMF ¶ 3.) The third level of review provided for under both policies -- review by the Commissioner of Corrections -- is the final administrative level of review. (SMF ¶ 4; Resp. SMF ¶ 4.) Under Policy 29.1, the policy in effect since January 13, 2003, a prisoner filing a grievance "must state on the grievance form, as briefly and concisely as possible, the specific nature of his/her complaint, including all the persons and dates involved." (SMF ¶ 5; Resp. SMF ¶ 5.)

---

[3] Below are the statements of facts set forth by the defendants. The plaintiffs have presented fifteen additional facts but they all rely on an affidavit by Jacob Lovejoy for record support that is electronically signed, unsworn, and not notarized. I agree with the defendants that the plaintiffs have blatantly failed to comply with Federal Rule of Civil Procedure 56(e) and that the statement dependent on the affidavit for record support are not properly considered in adjudicating this motion for summary judgment. This may have been a mere oversight on counsel's part but it is worth noting that after the filing of the defendants' reply counsel has made no effort to seek the court's leave to rectify the problem.

There are only five grievances filed by any of the plaintiffs concerning Native American religious issues which were forwarded for review by the Commissioner during the time period from October of 1998 through January of 2007. (SMF ¶ 6.)[4] One is a grievance filed by Plaintiff Stevens and concerned an alleged denial by a corrections officer who is not a defendant in this lawsuit of Steven's participation in a religious service on January 21, 2004. It was denied based on the procedural defect of failure to attempt an informal resolution. (SMF ¶ 7; Costigan Aff. ¶¶ 5-6 & grievance 04-MSP-40, Doc. 27-2 at 1-27.)[5] Another is a grievance filed by Plaintiff Choneska and concerned the alleged denial by Defendant Dardis of a religious feast on August 18, 2004. It was denied based on the procedural defect of untimeliness. (SMF ¶ 8; Resp SMF ¶ 8.) The other three grievances, filed by Plaintiffs Choneska, Thompson, and Lovejoy, have in common a number of Native American religious and cultural issues. (SMF ¶ 9; Resp. SMF 9.) Each of these three grievances alleges that Defendant Dardis denied unspecified portions of a proposal addressing the following issues: appointment of a religious liaison; funding and assistance of clerks; sweat lodge; security inspections and safekeeping of religious items; possession of a fetish; Native American arts, jewelry, and possession of a flute; possession of medicine bags and religious visits for high risk and administrative segregation status prisoners; shelter for sacred pipe and smudging ceremonies; pow wow, feast, and offering; and VCR for educational purposes. (SMF ¶ 10; Resp. SMF ¶ 10.) No other Native American religious or cultural issues are contained in these grievances (except for an issue about the destruction of a dream catcher, for which the prisoner was reimbursed) and no other defendants are named in

---

[4] The plaintiffs deny this statement indicating that "Defendants' Exhibit 27c are six grievances, not five." The plaintiffs have not provided the court with this exhibit and the defendants have filed attachments with their motion that include five grievances. (See Doc. Nos. 27-2 & 27-3.)

[5] The plaintiffs deny this statement citing to the Lovejoy affidavit that is electronically signed, unsworn, and not notarized.

these grievances.  (SMF ¶ 11.)[6]  Plaintiff Lovejoy's grievance was denied based on a procedural defect. The other two grievances were denied on the merits.  (SMF ¶ 12; Resp. SMF 12.)

*The Plaintiffs' Defense of this Motion for Summary Judgment*

In responding to this motion for summary judgment the plaintiffs allow that -- with regards to exhausted claims that should proceed through this stage of the litigation -- the claims are the need for a shelter for their ceremonies, the right to have pow wows and feasts, the availability of a sweat lodge, and an entitlement to more funding.  (See Mem. Opp'n Mot. Summ. J. at 1; see also Reply Mem. at 1.)   The plaintiffs identify Michael Thompson, Cote Choneska, Jacob Lovejoy, and Jeremy Stevens as the individuals who have exhausted their administrative remedies.  (Mem. Opp'n Mot. Summ. J. at 1.)  The defendants argue that the exhaustion of these claims only pertains to the conduct of Defendant Dardis.  (Mem. Mot. Summ. J. at 4; see also Reply Mem. at 1.)  Nowhere in the plaintiffs' response to the motion for summary judgment do the plaintiffs contest this characterization vis-à-vis the efforts made to exhaust claims apropos each defendant.

However, there is no question that the plaintiffs maintain that they can proceed against all the defendants on all facets of their complaint because the 42 U.S.C. § 1997e(a) exhaustion requirement is not applicable to their First and Fourteenth Amendment claims in that their claims are not about "prison conditions" within the reach of that provision.  As the defendants point out, the second amended complaint expressly states that this is an action under 42 U.S.C. § 1983 and 42 U.S.C. 2000cc, the Protection of Religious Exercise in Land Use and By Institutionalized Persons (RLUIPA).  (Sec. Am. Compl. ¶¶ 1,54, 74. )

---

[6]  The plaintiffs deny this statement citing to the Stevens affidavit that is electronically signed, unsworn, and not notarized.

4

>Section 1983 provides as relevant:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983 (emphasis added).  Section 1983 is the fulcrum that allows the plaintiffs to bring their First and Fourteenth Amendment claims to this court.  See Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."); Thomas v. Shipka, 818 F.2d 496, 499 (6th Cir. 1987) ("Today we resolve this question by holding that in cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations.") vacating in part 872 F.2d 772, 773 (6th Cir. 1989) (expressly clarifying that this part of the holding is not affected); accord Turpin v. Mailet, 591 F.2d 426, 427 (2d Cir. 1979).  And the First Circuit has posed the question, "may one whose cause of action under 42 U.S.C. § 1983 is barred by an accepted judicial interpretation of that act, avoid that bar by recategorizing the claim?" Colon Berrios v. Hernandez Agosto, 716 F.2d 85, 88 (1st Cir. 1983).  "The answer is 'No.'" Id.

The plaintiffs' First and Fourth Amendment claims are 42 U.S.C. § 1983 claims that are subject to the 42 U.S.C. § 1997e(a) exhaustion requirement; "Painting a pumpkin green and calling it a watermelon will not render its contents sweet and juicy." Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 24 (1st Cir. 2002).  See also Bradshaw v. Unity Marine Corp., Inc., 147

5

F.Supp.2d 668, 671 (S.D. Tex. 2001) ("But at the end of the day, even if you put a calico dress on it and call it Florence, a pig is still a pig.").

With respect to the 42 U.S.C. 2000cc RLUIPA claim, the Supreme Court has made it clear in Cutter v. Wilkinson that: "State prison officials make the first judgment about whether to provide a particular accommodation, for a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies.  See 42 U.S.C. § 2000cc-2(e) (nothing in RLUIPA 'shall be construed to amend or repeal the Prison Litigation Reform Act of 1995'); § 1997e(a) (requiring exhaustion of administrative remedies).)."  544 U.S. 709, 723 n.12 (2005) Accord Mayfield v. Texas Dept. Of Criminal Justice, __ F.3d __, __,2008 WL 2222066, *3 (5th Cir.  May 30, 2008).

The plaintiffs' legal arguments being without merit, there is an agreement between the parties that the claims that have been exhausted are the need for a shelter for their ceremonies, the right to have pow wows and feasts, the availability of a sweat lodge, and an entitlement to more funding.  These claims are brought under the First Amendment free exercise of religion clause, the Fourteenth Amendment's equal protection clause, and Protection of Religious Exercise in Land Use and By Institutionalized Persons. The defendants argue that the exhaustion of these claims only pertain to the conduct of Defendant Dardis and nowhere in their response to this motion or their response to the dispositive motion filed by Dardis have the plaintiffs argued otherwise as to this aspect of the exhaustion inquiry.[7]

---

[7]   The grievances bear out that the claims were presented to Warden Merrill (a named defendant) who thereby was being asked for redress.  (See Doc. No. 27-2 at 7, 23; Doc. No. 27-319 at 23, 38.)  One of these grievances expressly referred to Warden Merrill's refusal to address the issues in seeking the third-level review of the commissioner (not named as a defendant).  An argument could be made that this grievance process thereby exhausted the claims as to Merrill as, by design, it gave Merrill the opportunity to review the claims and Merrill, having denied them, could be subject to liability.  Surely he was sued because of his failure to redress the claims.

*Conclusion*

For the reasons given above I recommend that the Court grant the defendants' motion for summary judgment (Docket No. 24) as to all unexhausted claims within the complaint.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 19, 2008

---

I add that it would be ludicrous to argue that the failure to name a warden (or a commissioner) in the grievance itself could defeat a claim against them vis-à-vis the issue complained of; it would basically require an inmate to anticipate that he was not going to get any relief through the grievance process and that a 42 U.S.C. § 1983 action was inevitable. That is not in keeping with the stated purpose of the prison's grievance policy or the 42 U.S.C. § 1997e(a) exhaustion requirement, which is meant to assure that the prison officials get the first crack at rectifying an alleged wrong.