UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SACRED FEATHER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 07-18-B |
| | ) |
| JEFFREY MERRILL, et al., | ) |
| | ) |
| Defendants. | ) |

**Recommended Decision on Motion to Dismiss and for Summary Judgment
by Defendant Kantrowitz (Docket No. 21)**

The plaintiffs in this action are prisoners at the Maine State Prison seeking declaratory judgment, injunctive relief, and compensatory damages because they assert that they were not provided reasonable accommodations as Native American inmates to practice their religion. They are referred to in the Second Amended complaint by the collective name "Sacred Feather."[1] The plaintiffs – Michael Thompson, Cody Choneska, Jeremy Stevens, Albert Stanley, Albert Hanois, Gary Tanguay, Kenneth Larkin, Jacob Lovejoy, James Trott and Richard Burdick -- frame their claims as arising out of their First and Fourteenth Amendment rights under the United States Constitution.[2] They also assert an infringement of their rights under the Protection of Religious Exercise in Land Use and By Institutionalized Persons Act.

In this motion Defendant Matt Kantrowitz argues that because he has not been employed at the prison for more than two years there is no prospect of prospective equitable

---

[1] The motion regarding the second amended complaint explained that Sacred Feather is not a formal registered association and should not have been listed as a plaintiff. Thus, that party was terminated on August 2, 2007, with the granting of the motion to amend, although Sacred Feather has remained the lead plaintiff apropos the header.

[2] (See Sec. Am, Compl. at 1.)

relief against him and there is no entitlement to compensatory damages because there is no physical injury involved.  In a separate recommended decision addressing a motion by Defendant Dardis I have explained my conclusion that the plaintiffs cannot recover compensatory damages for their 42 U.S.C. § 1983 claims, because of 42 U.S.C. § 1997e(e).   The plaintiffs are not seeking nominal or punitive damages.   It follows that Kantrowitz is entitled to judgment in his favor.

Furthermore, in yet another recommend decision addressing a motion brought by all defendants I have concluded that the plaintiffs have not satisfied the 42 U.S.C. § 1997e(a) exhaustion requirement with respect to their claims against all the defendants save Defendant Dardis.  If the Court accepts this recommendation this motion by Katrowitz would be redundant.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 19, 2008