UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SACRED FEATHER, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV-07-18-B-W |
| JEFFREY MERRILL, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISIONS
OF THE MAGISTRATE JUDGE**

On June 19, 2008, the United States Magistrate Judge filed with the Court her Recommended Decisions on Defendants' motions to dismiss and motions for summary judgment. *Recommended Decision on Mot. for Summ. J. on Unexhausted Claims* (Docket # 45); *Recommended Decision on Mot. to Dismiss and Mot. for Summ. J. of Def. Dardis* (Docket # 46) (*Dardis Recommended Decision*); *Recommended Decision on Mot. to Dismiss and for Summ. J. by Def. Kantrowitz* (Docket # 47). On July 3, 2008, the Plaintiffs objected to each Recommended Decision. *Pls.' Request for* De Novo *Review of Magistrate's Recommended Decisions on Mot's for Summ. J.* (Docket # 48) (*Pls.' Request*). On July 18, 2008, the Defendants responded. *Resp. to Ob. to Recommended Decision* (Docket # 49).

The Plaintiffs raise four objections:

(1) that *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987), which the magistrate judge relied upon, "does not provide the valid standard";

(2) that the Plaintiffs' affidavits were properly signed;

(3) that the Plaintiffs administratively exhausted some claims; and,

(4) that the denial of Plaintiffs' First Amendment rights to the free exercise of religion is not a condition of confinement requiring exhaustion of administrative remedies.

*Pls.' Request* at 1.

## I. DISCUSSION

Only one issue merits discussion: the Plaintiffs' central objection that the magistrate judge erred, because she applied the *Shabazz* reasonableness test to their claims against Leida Dardis, rather than the compelling governmental interest standards included in the Religious Freedom Restoration Act (RFRA) and later integrated into the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1]  *Id.* at 2-4.  They assert that "[t]he RFRA expressly overruled *Shabazz*."  *Id.* at 3.  The question is more complicated than the Plaintiffs allow.  The *Shabazz* reasonableness test "continues to have vitality for claims brought directly under the First Amendment - - for the simple reason that a congressional enactment cannot modify the Supreme Court's constitutional interpretation."  *Jolly v. Coughlin*, 76 F.3d 468, 475 (2d Cir. 1996); *Palermo v. White*, Civil No. 08-cv-126-JL, 2008 U.S. Dist. LEXIS 80047 at *9 (D.N.H. Sept. 5, 2008) (stating that "a prisoner's sincerely held religious beliefs must yield, however, if contrary to prison regulations that are reasonably related to legitimate penological interests") (internal punctuation and citation omitted).  To the extent the Plaintiffs were bringing a First Amendment claim under 42 U.S.C. § 1983, the magistrate judge properly applied the *Shabazz* standard.

It is true that in their Second Amended Complaint, the Plaintiffs cite and request relief under the RLUIPA.  *Second Am. Compl.* ¶¶ 1, Prayer for Relief (Docket # 9).  The problem is that, in responding to the Defendants' dispositive motions, the Plaintiffs made no mention of the RLUIPA claim and instead made it plain that they were alleging "a deprivation of their First

---

[1] The *Shabazz* issue applies only to Defendant Dardis, since the magistrate judge resolved the claims against the remaining defendants for other reasons.

2

Amendment Rights under the free exercise of religion clause." *Pls.' Ob. to the Mot. to Dismiss and Mot. for Summ. J. of Def. Dardis* at 1, 3 (Docket # 34). They twice emphasized that this "is not a 'prison condition' lawsuit." *Id.* The magistrate judge concluded that the Plaintiffs had elected not to pursue the RLUIPA claim. *Dardis Recommended Decision* at 11 n.9. Quoting *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995), the magistrate judge observed that "an issue raised in the complaint but ignored at summary judgment may be deemed waived." *Dardis Recommended Decision* at 11 n.9. Once waived before the magistrate judge, a party may not revive an issue by belatedly pressing it on objection to the district court. *Fireman's Ins. Co. v. Todesca Equip. Co.*, 310 F.3d 32, 38 (1st Cir. 2002); *Borden v. Sec'y of Health and Human Serv.*, 836 F.2d 4, 6 (1st Cir. 1987) (stating that "[p]arties must take before the magistrate, 'not only their "best shot" but all of their shots'") (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)).

The magistrate judge fully addressed and correctly decided the remaining issues and there is no reason to elaborate.

## II.   CONCLUSION

The Court AFFIRMS:

(1) the Recommended Decision on Motion for Summary Judgment on Unexhausted Claims (Docket # 45);

(2) the Recommended Decision on Motion to Dismiss and Motion for Summary Judgment of Defendant Dardis (Docket # 46); and,

(3) the Recommended Decision on Motion to Dismiss and for Summary Judgment by Defendant Kantrowitz (Docket # 47).

The Court GRANTS:

(1) Defendants' Motion to Dismiss and for Summary Judgment (Docket # 28) on the question of compensatory damages;

(2) Defendant Dardis' Motion to Dismiss and for Summary Judgment (Docket # 28) on the merits of all claims;

(3) Defendant Kantrowitz's Motion to Dismiss and for Summary Judgment (Docket # 21);[2] and,

(4) Defendant Merrill, O'Farrell, and Kantrowitz's Motion for Summary Judgment on Unexhausted Claims (Docket # 24).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2008

---

[2] The Court grants this motion in the alternative, since Mr. Kantrowitz's motion for summary judgment under docket number 24 is also granted.